IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PETROLEUM EXPLORATION INTERNATIONAL, S.A., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 08-1283 |
| CANRIG DRILLING TECHNOLOGIES, LTD., | § § § | |
| Defendant. | § § | |

MEMORANDUM AND ORDER

Pending is Defendant Canrig Drilling Technologies, Ltd.'s Motion for Partial Summary Judgment (Document No. 38), to which Plaintiff Petroleum Exploration International, S.A. has filed its opposition. The Court has carefully considered all submissions. The issue presented is whether the Contract for a 500 Ton Top Drive Drilling System, priced at one sum, plus $250,000 for early delivery, is severable and, if so, the amount of damages to which Defendant is entitled for Plaintiff's alleged breach of the portion relating to early delivery.

In Texas, a contract is severable when "one party's performance consists of more than one 'distinct and separate item[] and the price paid by the other party is apportioned to each item.'" Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co., 83 F.3d 735, 739 (5th Cir. 1996) (per curiam) (quoting In re

Ferguson, 183 B.R. 122, 124 (Bank. N.D. Tex. 1995)). Texas courts analyze three factors in making such a holding: (1) the intent of the parties; (2) the subject matter of the agreement; and (3) the conduct of the parties. Johnson v. Walker, 824 S.W.2d 184, 187 (Tex. App.--Fort Worth 1991, no writ); *see also* Stewart Title, 83 F.3d at 739. The intent of the parties is the primary determinant. Stewart Title, 83 F.3d at 739 (citing Lake LBJ Mun. Util. Dist. v. Coulson, 771 S.W.2d 145, 153 (Tex. App.--Austin 1988), *rev'd on other grounds*, 781 S.W.2d 594 (Tex. 1989)).

"In construing a contract, its unambiguous language alone will generally be deemed to express the intent of the parties." Stewart Title, 83 F.3d at 739 (citing Norman v. Apache Corp., 19 F.3d 1017, 1024 (5th Cir. 1994)); *see also* J.M. Davidson, Inc. v. Webster, 128 S.W.3d 223, 229 (Tex. 2003). The Contract is not ambiguous, and the Court therefore looks to its language. *See* Nicol v. Gonzales, 127 S.W.3d 390, 394 (Tex. App.--Dallas 2004, no pet.) (citing Coker v. Coker, 650 S.W.2d 391, 394 (Tex. 1983); Pegasus Energy Group, Inc. v. Cheyenne Petroleum Co., 3 S.W.3d 112, 120 (Tex. App.--Corpus Christi 1999, pet. denied)).

While the *price* for early delivery is enumerated separately in both the Commercial Proposal and the Purchase Order, no terms in either document indicate that Defendant's "*performance* consists of more than one 'distinct and separate item[]'" with respect to expedited delivery on the one hand, and delivery of the Top Drive

on the other. *See* <u>Stewart Title</u>, 83 F.3d at 739 (quoting <u>In re Ferguson</u>, 183 B.R. at 124) (emphasis added). The mere fact that contract payments are itemized does not make the contract severable. <u>Johnson</u>, 824 S.W.2d at 187.

The Contract expressly ties the delivery charge to the time of delivery of the Top Drive itself:

> 8. Delivery (see notes A, B and C):
>
> A. Standard delivery ex works Magnolia, TX April 2008
>
> B. If equipment needs to be delivered ex works Magnolia, TX within 40 days from receipt of downpayment, an early delivery surcharge as specified in note B will be added to the basic pricing.
>
> C. If equipment needs to be delivered ex works Magnolia, TX within 75 days from receipt of downpayment, an early delivery surcharge as specified in note C will be added to the basic pricing.[1]

This interdependency signifies the parties' intent that the Contract is not severable. *See* <u>Summers v. Welltech</u>, 935 S.W.2d 228, 232 (Tex. App.--Houston [1st Dist.] 1996, no writ) ("A contract is indivisible when by its terms, nature, and purpose it contemplates and intends that each and all parts and the consideration shall be common to each other and interdependent.").

---

[1] Document No. 38, ex. D at 2.

Moreover, Canrig required a "25% downpayment" to be received within five days of the quote on its Commercial Proposal to "commit to the above mentioned delivery terms," with "[f]inal payment to be received within 15 days from receipt of downpayment and before ex works shipment of equipment."[2]  This contemplates payment of the *entire* contract price prior to delivery, and splits the price according to a percentage of the whole amount due, not according to the delivery charge and the Top Drive charge.  Cf. Lake LBJ, 771 S.W.2d at 153 (finding severable a contract providing for two separate payments at the conclusion of two distinct major phases of a construction project: the "Preliminary and Design Phase" and the "Construction Phase").  The intent of the parties as reflected in the language of the Contract does not support severability.

Whether the subject matter of a contract is amenable to severability depends on whether "the contract can be divided into two or more separate agreements that can be performed independent[ly] of each other."  In re Wolflin Oil, L.L.C., 318 B.R. at 397 (quoting In re FFP Operating Partners, L.P., No. 03-90171-BJH-11, 2004 W.L. 3007079, at *5 (Bankr. N.D. Tex. Aug. 12, 2004)).  The Contract is an agreement for delivery of a Top Drive.  It is completely implausible that Defendant under this Contract could have performed on early delivery without having also

---

[2] Document No. 38 at 2.

4

delivered the Top Drive itself. The subject matter of the Contract does not contemplate more than one independent performance.

The parties' conduct also confirms this interpretation of the Contract.[3] The invoice Defendant submitted to Plaintiff for its 25% down payment was for $509,952.75, which is 25% of the *total* purchase price of $2,039,811. Likewise, Defendant invoiced Plaintiff for $2,039,811.00 for the "Top Drive System," with a provision that payment is "due at time of receipt." The parties' conduct, like their intent derived from the Contract and the subject matter of the agreement, does not support severability of the Contract.

For the foregoing reasons, it is

ORDERED that Defendant Canrig Drilling Technologies, Ltd.'s Motion for Partial Summary Judgment (Document No. 38) is DENIED.

It is uncontested that Defendant tendered early delivery of the Top Drive ex works within 40 days at Magnolia, Texas, as per the terms of the Contract; that Plaintiff failed to make the full amount due ($2,039,811.00); and that Defendant has retained

---

[3] Generally, Texas courts look to the parties' conduct only to resolve an ambiguity in a contract. *See, e.g.*, Consol. Eng'g Co. Inc. v. S. Steel Co., 699 S.W.2d 188, 192-93 (Tex. 1985). However, the Fifth Circuit has analyzed parties' conduct in determining severability of a contract under Texas law even without a finding of ambiguity. *See* Stewart Title, 83 F.3d at 740; *but see* Lake LBJ, 771 S.W.2d at 153 n.6 ("We hold the contract is unambiguous; therefore, evidence of the parties' conduct is irrelevant."). The Lake LBJ court did nevertheless note that, as here, the parties' conduct was consistent with its interpretation.

Plaintiff's deposit of $203,981, for which it will receive credit in any final judgment. Remaining to be tried are the amount of Defendant's damages suffered by Plaintiff's breach of contract, and Defendant's attorney's fees. See TEX. BUS. & COM. CODE § 2.703; TEX. CIV. PRAC. & REM. CODE § 38.001.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this 7TH day of December, 2009.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE